IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **Criminal No. 89-163** |
| | ) | **Civil No. 97-1349** |
| **DAVID CORREA,** | ) | |
| Defendant/ Petitioner | ) | |

**MEMORANDUM ORDER OF COURT RE: PETITIONER'S PRO SE MOTION TO REOPEN THE ORIGINAL § 2255 PROCEEDINGS PURSUANT TO THE EXPANSION OF THE SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT INITIAL REVIEW AS ARTICULATED BY THE UNITED STATES SUPREME COURT IN MARTINEZ V. RYAN**

In 1992, petitioner David Correa was convicted in this Court (before United States District Judge Donald J. Lee) of four offenses:

(1) conspiracy to distribute and possess with intent to distribute in excess of 5 kilograms of cocaine, in violation of 21 U.S.C. § 846;

(2) unlawful possession of hand grenades, in violation of 26 U.S.C. § 5861(d);

(3) possession with intent to distribute in excess of 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1); and

(4) possession with intent to distribute a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1).

Petitioner was acquitted of carrying and using firearms (machine guns), in violation of 18 U.S.C. § 924(c), in connection with the cocaine conspiracy charged at Count One. The Court sentenced petitioner to, *inter alia*, a term of life imprisonment.

Presently before the Court is Petitioner David Correa's *pro se* "Motion to Reopen the Original § 2255 Proceedings pursuant to the expansion of the Sixth Amendment right to effective

assistance of counsel at initial review as articulated by the United States Supreme Court in *Martinez v. Ryan*," dated December 4, 2012, which was mailed to this Court.

In his Motion, Petitioner argues that he was wrongly advised by Neil Nameroff, Esq., on November 30, 1989, not to take a plea agreement because his potential prison sentence would be between seven (7) and ten (10) years. Pg. 8. On Mr. Nameroff's advice, Petitioner abandoned a plea agreement negotiated by his first counsel, Frederick A. Schwartz, Esq. and which Petitioner had already signed. Pg. 13.

Petitioner contends that Mr. Nameroff rendered ineffective assistance of counsel as did his habeas attorney by failing to raise the issue of plea negotiations and moves the Court to reopen his original section 2255 proceedings, "so that he may demonstrate that the underlying ineffective assistance of counsel claim is a substantial one, and establish that he is entitled to relief." Pg. 1. Petitioner relies on *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), which he contends recognizes "that ineffective assistance of counsel at an initial-review proceedings (sic) may establish cause to excuse a prisoner's procedural default of a claim of ineffective assistance at trial." Petitioner argues that he did not abandon this specific ineffective assistance claim even though it was not included in his original section 2255 motion and that his counsel was ineffective for not raising this claim. Pg. 12.

The Court finds that here, Petitioner's Motion is akin to a Motion pursuant to Federal Rule of Civil Procedure 60(b) which requires "extraordinary circumstances" to justify the reopening of a final judgment and "[s]uch circumstances rarely occur in the habeas context." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). The United States Court of Appeals for the Third Circuit has yet to address this issue.

The Court finds instructive the Opinion of the United States Court of Appeals for the Fifth Circuit, in *Adams v. Thaler*, 679 F.3d 312, 320 (5th Cir. 2012), which held that the *Martinez* decision did not constitute "'extraordinary circumstance[s]' under Supreme Court and our precedent to warrant Rule 60(b)(6) relief. . . . The *Martinez* Court's crafting of a narrow, equitable exception to Coleman's holding is 'hardly extraordinary.'"

Further, the Court finds persuasive the Opinions of United States Magistrate Judge Lenihan in *Bender v. Wynder*, 2012 WL 6737840 (W.D. Pa. Dec. 28, 2012); *Fitzgerald v. Klopotoski*, 2012 WL 5463677 (W.D. Pa. Nov. 8, 2012); and *Vogt v. Coleman*, 2012 WL 2930871 (W.D. Pa. Jul. 18, 2012), which were issued based upon Petitioners' Motions for relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b). Relying on *Adams*, Judge Lenihan found that the decision in *Martinez* did not constitute extraordinary circumstances warranting relief under Rule 60(b). Other District Courts, both within and outside this Circuit, have likewise relied upon the reasoning of Judge Lenihan or adopted the same reasoning. *Brown v. Wenerowicz*, 2012 WL 6151191, *3 (E.D. Pa. Dec. 11, 2012); *Wieland v. Thompson*, 2012 WL 5036820 (D. Ore. Oct. 17, 2012); *Gale v. Wetzel*, 2012 WL 5467540 (M.D. Pa. Sep. 27, 2012); *see also McGuire v. Warden, Chillicothe Corr. Inst.*, 2012 WL 5303804, *5 (S.D. Ohio Oct. 25, 2012); *Kibby v. Kemna*, 2012 WL 4464687, *4 (E.D. Mo. Sept. 26, 2012); *Haynes v. Thaler*, 2012 WL 4739541, *4 (S.D. Tex. Oct. 3, 2012); *Horton v. Sheets*, 2012 WL 3777431, *2 (S.D. Ohio Aug. 30, 2012); *Arthur v. Thomas*, 2012 WL 2357919 (N.D. Ala. June 20, 2012). Here, the Court finds that Petitioner's Motion which, in essence, alleges ineffective assistance of counsel in drafting his section 2255 Motion does not allege "extraordinary circumstances" to reopen his original proceeding.

Therefore, this 17th day of January 2013, IT IS HEREBY ORDERED that Petitioner's Pro Se Motion to Reopen the Original § 2255 Proceedings is **DENIED**.

                                                                                s/ Arthur J. Schwab
                                                                                 Arthur J. Schwab
                                                                                 United States District Judge

cc:    David Correa
       #03627-068
       FCI Coleman
       P.O. Box 1032, Unit A-1
       Coleman, FL 33521